## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARRICCO A. SYKES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:11-cv-185-JMS-MJD |
| ) | |
| ) | |
| MR. ELLIOT, et al., ) | |
| ) | |
| Defendants. ) | |

### Entry and Order Dismissing Action

The plaintiff's request to proceed *in forma pauperis* is granted and the action is dismissed because the amended complaint fails to state a claim upon which relief can be granted, all consistent with the following:

1.  Marricco Sykes was formerly confined at the United States Penitentiary in Terre Haute, Indiana ("USP"). Sykes is a "prisoner" as defined by 28 U.S.C. § 1915(h). The court has therefore screened his amended complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

2.  To satisfy the notice-pleading requirements of the *Federal Rules of Civil Procedure*, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)).

3.  Sykes is proceeding without counsel at present. The court thus bears in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Despite this liberal construction, the court Awill not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact.@ *County*

*of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

    4.    The operative pleading setting forth Sykes' claims is the amended complaint filed on October 24, 2011.

    a.    The composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005). To make someone a party the plaintiff must specify him in the caption and arrange for service of process; the court cannot add litigants on its own motion. *See id.,* at 551.

    b.    Sykes is now and has been in the custody of the Federal Bureau of Prisons ("BOP"). The BOP is divided for administrative purposes into various regions. Sykes has named as defendants the following:

    Central Regional Office of BOP;
    Western Regional Office in Stockton, California;
    FCC Victorville – Warden Francisco Quintana;
    Oklahoma City Transfer Center – Warden Kasner; and
    United States Marshals Service.[1]

    c.    Sykes seeks in excess of 8 billion dollars in damages.

    5.    "Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law. 28 U.S.C. '' 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

    6.    Sykes seeks relief pursuant to both of these theories. However, each claim is deficient for at least the reasons noted below:

    a.    Sykes mentions the FTCA in the amended complaint, but has not sued the United States. "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). The FTCA claim is therefore dismissed.

    b.    "Absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Lewis v. United States*, 492 F.3d 565, 572 (5th Cir. 2007)("In order to hale the federal government into a court proceeding, a plaintiff must show that there has

---

[1] A BOP employee at the USP is mentioned in the body of the amended complaint, but he is not listed in the caption and thus is not a party to the lawsuit.

been a valid waiver of sovereign immunity."). Three of the defendants in Sykes' amended complaint are federal agencies, *viz.*, the Central Regional Office of BOP, the Western Regional Office in Stockton, California, and the United States Marshals Services. The amended complaint contains no allegation that the United States' has waived its sovereign immunity and there is no circumstance discernible from the amended complaint which suggests such a waiver. The claims against these three defendants are therefore dismissed.

c.   The remaining defendants are identified as the wardens of BOP facilities in Victorville, California and Oklahoma City, Oklahoma (hereafter "the defendant wardens"). These defendants could be subject to claims based on the theory recognized in *Bivens*. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). Thus, to maintain an action under 28 U.S.C. § 1331, the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). Because "vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . ."). The amended complaint does not contain allegations of personal misconduct by either of the defendant wardens. Claims against the defendant wardens are therefore dismissed.

d.   Sykes also attempts to assert a claim pursuant to 42 U.S.C. § 1983, but this effort fails because there is no allegation that any defendant acted under color of state law. *United States v. Classic,* 313 U.S. 299, 326 (1941)(a person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law").

7.   For the most part, therefore, Sykes' amended complaint fails to survive the screening required by 28 U.S.C. § 1915A(b) because of the agencies he has sued and what person and entity he has not sued. The remainder of the amended complaint does not contain a plausible claim against either of the defendant wardens. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: _11/28/2011_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana